UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MJC SUPPLY, LLC,

                Plaintiff,

      - against -

CHRISTOPHER POWIS,

                Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-1539 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

Before the Court are the objections of Plaintiff MJC Supply, Inc. ("Plaintiff") to a Report and Recommendation ("R&R") entered by the Honorable Ramon E. Reyes on February 20, 2019. (Objections ("Objs."), Dkt. 28.) The R&R recommends that this Court (1) grant the motion to vacate entry of default by Defendant Christopher Powis ("Defendant"), (2) deny Plaintiff's cross-motion for default judgment, and (3) dismiss this action without prejudice for lack of personal jurisdiction. (R&R, Dkt. 26, at 1.)

After a careful review of the R&R, the parties' filings, and the record, the Court adopts, in part, and rejects, in part, the R&R. For the reasons stated below, the Court declines to dismiss this action, but adopts the R&R's recommendations to grant Defendant's motion to vacate the entry of default and deny Plaintiff's cross-motion for default judgment.

## BACKGROUND

### I. The Complaint

On March 13, 2018, Plaintiff MJC Supply, Inc. ("Plaintiff"), a California distributor of home comfort products, filed this action seeking entry of judgment by confession against Defendant Christopher Powis ("Defendant" or "Powis"). (Complaint ("Compl."), Dkt. 1, at 1, ¶

1.) Powis is a New Jersey citizen serving as the President of Evergreen Products, LLC, a limited liability company with its principal place of business in Queens County, New York. (*Id.* ¶ 2.)

According to the complaint, Powis signed a personal guarantee as part of a settlement agreement ("the Settlement") entered into by the parties in *MJC Supply, LLC v. Evergreen Products, LLC*, No. 14-CV-7387 (MKB) (PK) ("the Underlying Action"). (*Id*. at 1.) The Settlement provided for the defendants to the Underlying Action, including Powis, to pay $430,000 to Plaintiff in monthly installments of varying amounts. (*Id.* ¶ 6; Exhibit A, Dkt. 1-1, at ECF[1] 3.) As security for the Settlement, Powis provided an "Affidavit of Confession of Judgment." (Compl. ¶ 7; Dkt. 1-1, at ECF 2–3 ¶ 1, 10–12.) In the affidavit, Powis consented to entry of judgment in the Eastern District of New York in the amount of $1,083,061.74, less the amount of any payments made to Plaintiff pursuant to the Settlement. (Dkt. 1-1, at ECF 10–12.) The terms of the Settlement provided that Plaintiff would file this confession of judgment with the Court only if the defendants to the Underlying Action failed to provide payment as required by the settlement terms and subsequently failed to cure the non-payment within seven days of written notice. (*Id.* at ECF 2–5 ¶¶ 1–6.)

Plaintiff alleges that it received payments under the Settlement through July 2017 totaling $80,000. (Compl. ¶ 8.) Since that time, however, Plaintiff has received no further payments. (*Id.*) Plaintiff provided written notice of the non-payment to Defendant on January 17, 2018, but the non-payment was not cured. (*Id.* ¶¶ 8, 9.) The complaint seeks entry of judgment in the amount of $1,003,061.74 as provided for in Defendant's affidavit of confession of judgment. (*Id.* at 5.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system, not the document's internal pagination.

## II. Procedural History

On May 2, 2018, Plaintiff filed proof of service of process in this action with the Clerk of Court. (Dkt. 7.) Plaintiff's filings indicate that it made two attempts to serve Defendant with the complaint and summons at 2908 Providence Trail Lane in Charlotte, North Carolina, a residence apparently associated with Defendant.[2] (*Id.* at ECF 1–2, 6.) After these attempts at personal service were unsuccessful, Plaintiff retained a private investigator, and the investigator posted the summons and complaint to the front door of a residence at 2908 Providence Trail Lane on April 8, 2018. (*Id.* at ECF 2, 8.) Plaintiff also mailed copies of the summons and complaint by first class mail to the same address on April 9, 2018. (*Id.* at ECF 2 ¶ 4.)

On May 31, 2018, Plaintiff requested that the Clerk of Court enter a Certificate of Default against Defendant, pursuant to Federal Rule of Civil Procedure 55, based on Defendant's failure to appear and answer the complaint. (Dkt. 8.) The Clerk of Court entered default against Defendant on June 4, 2018. (Dkt. 9.)

Just over one week later, on June 13, 2018, Defendant filed a belated motion for an extension of time to answer the complaint. (Dkt. 10.) This motion was denied by Judge Reyes, who ordered Defendant to follow proper procedure by filing a motion to vacate the entry of default pursuant to Federal Rule of Civil Procedure 55(c). (Order, June 13, 2018.) On June 20, 2018, Defendant filed his motion to vacate the entry of default, which this Court referred to Judge Reyes. (Defendant's Motion, Dkt. 11.) On July 2, 2018, Plaintiff filed its opposition to Defendant's motion and filed a cross-motion for default judgment. (Plaintiff's Brief, Dkt. 12; Plaintiff's Cross-Motion, Dkt. 13.) A series of settlement conferences ensued, culminating in a joint status report

---

[2] Defendant asserts that this address is not his current residence. (Defendant's Motion, Dkt. 11, 3 ¶ 8.)

filed by the parties on February 8, 2019, indicating that they had reached an impasse in the negotiations. (Dkt. 25.) Judge Reyes entered his R&R on February 20, 2019 (R&R, Dkt. 26), and Plaintiff filed its objections to the R&R on March 6, 2019 (Objs., Dkt. 28).

## DISCUSSION

### I. Legal Standards

When a party objects to a magistrate judge's R&R, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (S.D.N.Y. March 16, 2011) (citing *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); *Frankel v. City of N.Y.*, Nos. 06 Civ. 5450 (LTS) (DFE), 07 Civ. 3436 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009)). "After reviewing the [R&R], the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.'" 28 U.S.C. § 636(b)(1)(C); *O'Diah*, 2011 WL 933846, at *1 (quoting 28 U.S.C. § 636(b)(1)(C)).

### II. Plaintiff's Objections

Plaintiff objects to the R&R in its entirety. First, Plaintiff challenges Judge Reyes's *sua sponte* recommendation that this action be dismissed on procedural grounds. (Objs. at 5.) Plaintiff argues that dismissal is not a permissible form of relief on a motion under Federal Rule of Civil Procedure 55 and that such relief would be unfair where neither party had an opportunity to brief the issue. (*Id.*) Second, Plaintiff objects to Judge Reyes's recommendation to grant Defendant's

motion to vacate the entry of default and deny Plaintiff's motion for default judgment. (*Id*. at 6.) Citing the Second Circuit's decision in *Enron Oil Corp. v. Diakuhara*, Plaintiff argues that good cause does not exist to vacate the default because Defendant's default was willful, Defendant lacks substantive defenses to liability, and vacatur would prejudice Plaintiff. (*Id*. at 6–11 (citing 10 F.3d 90, 96 (2d Cir. 1993)).) The Court addresses these objections in turn.

### A. Plaintiff's Objection to *Sua Sponte* Dismissal of this Action

Plaintiff objects to the R&R's recommendation to, in effect, convert Defendant's motion to vacate the entry of default into a motion to dismiss for lack of personal jurisdiction and dismiss the complaint. (*Id*. at 5.) According to Plaintiff, such a conversion is impermissible under Rule 55 and would be unfair without giving Plaintiff an opportunity to brief the jurisdictional issues and submit supporting evidence. (*Id*.)

Because Judge Reyes' recommendation regarding dismissal was *sua sponte* and thus could not have been opposed previously by Plaintiff, the Court considers this issue *de novo*. *Cf. Frankel*, 2009 WL 465645, at *2 ("The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings[,]" rather than "simply reiterat[ing] the original arguments . . . ."). Applying this standard of review, the Court has decided that although Judge Reyes is correct that the Court has authority to spontaneously dismiss this action, the better course would be to give Plaintiff the opportunity to argue against dismissal before making that decision in this matter.

Regarding the Court's authority to spontaneously dismiss matters, courts in this district and others have found dismissal appropriate when a motion to vacate the entry of default reveals an indisputable lack of personal jurisdiction over the defendant. *See, e.g.*, *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513, 515 (E.D.N.Y. 1982); *O'Brien v. Sage Group, Inc.*, 141 F.R.D. 81, 83 (N.D. Ill. 1992). Thus, the R&R is not clearly erroneous in recommending dismissal of this action.

Nevertheless, the Court exercises its discretion on *de novo* review to permit further briefing on this issue. It appears that the recommended dismissal of this action is based on defense counsel's fleeting reference in his two-paragraph "Certification of Counsel" (filed in support of Defendant's motion to vacate default), identifying "improper service" as an "arguable[]" basis for granting the vacatur motion. (Dkt. 11, at ECF 3 ¶ 8.) In the certification, defense counsel merely represents that "[t]he addresses that were served [in Charlotte, North Carolina] were not Defendant's residence." (*Id*.) No factual support for his assertion is provided, nor is any legal argument provided to justify dismissal based on the lack of proper service under the circumstances of this case. For Plaintiff's part, its briefing in objection to the R&R merely complains that this issue was never briefed or argued by either party. (Objs. at 5.)

The Court finds that such passing references to jurisdictional problems do not properly present the question for dispositive resolution by the Court on a motion to vacate the entry of default. *Lichtenstein*, 95 F.R.D. at 513 ("[T]he determination of a Rule 55(c) motion based on the lack of jurisdiction over the defendant *when supported by affidavits and fully argued by the parties*, can and should be treated as an initial motion to dismiss." (emphasis added)); *accord Prestige Capital Corp. v. Fuber LLC*, No. 16 Civ. 9577 (DAB), 2017 WL 2558803, at *3 (S.D.N.Y. June 5, 2017) (vacating default, rather than dismissing the action, because factual disputes remained regarding the sufficiency of service of process). For the purposes of a motion to vacate default, however, "the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

Accordingly, the Court declines to construe Defendant's thinly supported motion to vacate default as a motion to dismiss. As outlined below, the Court finds it appropriate to vacate default and allow Plaintiff to demonstrate proper service of process within sixty (60) days of this Order.

If service of process remains an issue in this litigation, the parties will be afforded the opportunity to fully brief the issue through a properly supported motion to dismiss. *Accord Prestige Capital Corp.*, 2017 WL 2558803, at *3 ("[A] default must be vacated 'where further factfinding [is] necessary to ensure that substantial justice [is] served.'" (quoting *Bangkok Bank Ltd. v. Wallant Int'l Trade, Inc.*, No. 88 Civ. 2675 (JFK), 1989 WL 156299, at *2 (S.D.N.Y. Dec. 18, 1989))).

### B. Objection to Vacating Default

In contrast to its arguments against dismissal, Plaintiff's objections to the R&R's recommendation to vacate the entry of default and deny default judgment are simply recycled versions of the arguments presented to Judge Reyes. Rather than addressing the threshold issue of personal jurisdiction identified by Judge Reyes, Plaintiff's objections merely repeat its prior arguments that good cause does not exist under the Second Circuit's three-part test for vacating the entry of default. (Objs. 6–11 (citing *Enron Oil*, 10 F.3d at 96).) Objections that merely rehash the same arguments set forth in a plaintiff's original submissions do not suffice to invoke *de novo* review. *Frankel*, 2009 WL 465645, at *2. Accordingly, the R&R's recommendations as to the parties' respective Rule 55 motions are reviewed for clear error. *Accord Lilakos v. N.Y.C.*, No. 14-CV-5288 (PKC) (LB), 2018 WL 6242227, at *2 (E.D.N.Y. Nov. 29, 2018) (applying clear error review in light of the plaintiff's "rehashed and previously rejected arguments").

Federal Rule of Civil Procedure 55 provides that, after the Clerk of Court has entered a party's default, the Court may enter a default judgment against that party or set aside the entry of default based on good cause. Fed. R. Civ. P. 55(a)–(c). Although the Second Circuit has established criteria for determining whether "good cause" exists to set aside an entry of default, a threshold question for the Court is whether it has personal jurisdiction over Defendant. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal

7

jurisdiction over the defendant . . . ."); *Lichtenstein*, 95 F.R.D. at 513 ("Although the three-factor test utilized in *Meehan*[ *v. Snow*, 652 F.2d 274 (2d Cir. 1981)], would normally be employed to evaluate the merits of a Rule 55(c) motion[,] . . . an entry of default must be vacated if it is found to be unsupported by jurisdiction."). "Service of process is a required element of personal jurisdiction." *Kulwa v. Obiakor OB/GYN P.C.*, No. 12-CV-1868 (JG) (MDG), 2013 WL 504383, at *4 (E.D.N.Y. Feb. 8, 2013). Thus, "a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006).

In his R&R, Judge Reyes found that Plaintiff failed to properly serve the summons and complaint on Defendant. (R&R at 2–4.) Because Plaintiff did not comply with any of the methods of service specifically set forth in Federal Rule of Civil Procedure 4 (*see* Dkt. 7), Plaintiff was required to comply with either New York or North Carolina law regarding service of process. *See* Fed. R. Civ. P. 4(e) (providing for service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction of the state where the district court is located or where service is made").

New York law provides that where in-person service on a defendant or the defendant's agent or cohabitant "cannot be made with due diligence," service may be effected by:

> [A]ffixing the summons to the door of either the . . . dwelling place or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person at his or her last known residence . . . in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served . . . .

N.Y. C.P.L.R. § 308(4). This process is known as "nail-and-mail" service. *See Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018) (summary order).

8

Plaintiff's filings demonstrate that it attempted to effect "nail and mail" service in compliance with New York law, as it submitted an "affidavit of due and diligent attempt" reflecting two attempts at in-person service, and proof of service documents showing that the summons and complaint had been mailed to and affixed at 2908 Providence Trail Lane in Charlotte, North Carolina. (Dkt. 7, at ECF 6, 8, 10.) To determine whether due diligence has been exercised prior to engaging in "nail-and-mail" service, New York courts have not prescribed a rigid rule, but consider the general quality of efforts made to effect in-person service. *See Kopec v. GMG Const. Corp.*, No. 09-CV-2187 (KAM) (ALC), 2011 WL 2650597, at *2 (E.D.N.Y. July 6, 2011). Nevertheless, certain "rough standard[s]" can be discerned from the case law, including a requirement of at least three attempts at in-person service, preferably on non-consecutive days and during non-business hours. *Weifang Xinli Plastic Products v. JBM Trading Inc.*, No. 1:11-CV-2710 (WFK) (LB), 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014); *see also S.E.C. v. Reynolds*, 112 F.3d 505, at *2 (2d Cir. Oct.18, 1996) ("The three attempts made in this case, including two during non-business hours, satisfy the due diligence requirement."); *Lemberger v. Khan*, 794 N.Y.S.2d 416, 416 (2d Dep't 2005) ("[T]he Supreme Court properly concluded that the three attempts made by the plaintiffs' process server to personally serve him at his residence satisfied the due diligence requirement."). Because Plaintiff's filings show that it only made two documented attempts to effect in-person service of process, Judge Reyes's finding that Plaintiff failed to properly serve Defendant was not clearly erroneous.

In the absence of proper service, this Court lacks personal jurisdiction over Defendant. *S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, No. 15-CV-6183 (JMA) (SIL), 2017 WL 913625, at *6 (E.D.N.Y. Jan. 17, 2017), adopted by 2017 WL 912042 (E.D.N.Y. Mar. 7, 2017). It is clear that "[a] court may not properly enter a default judgment unless it has jurisdiction over the person

of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'" *Copelco Capital. Inc. v. Gen. Counsel of Bol.*, 940 F. Supp. 93, 94 (S.D.N.Y.1996) (quoting 10 Charles Alan Wright, et al., Federal Practice and Procedure: Civil § 2682, at 407 (2d ed. 1983)).  On that basis alone, the entry of default must be voided.

Furthermore, because the Court finds it appropriate to vacate the entry of default against Defendant, it must deny any cross-motion for entry of default judgment. *See Kampfer v. Cuomo*, 993 F. Supp. 2d 188, 192 (N.D.N.Y. 2014), *aff'd*, 643 Fed. App'x 43 (2d Cir. 2016) (summary order), *cert. denied*, 136 S. Ct. 2489 (2016), *reh'g denied*, 137 S. Ct. 18 (2016) (denying a motion for default judgment as moot where the Court set aside the entry of default).  Accordingly, the Court finds no clear error in the R&R's recommendation that Plaintiff's cross-motion seeking a default judgment be denied.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R in part and modifies it in part. Defendant's motion to vacate the entry of default is granted and Plaintiff's motion for default judgment is denied.  This action, however, is not dismissed.  Rather, the Court grants Plaintiff sixty (60) days from the entry of this Order to cure its defective service of process on Defendant.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 29, 2019
      Brooklyn, New York